The Town of Remington vs. Ward.

The Town of Remington, Respondent, vs. Ward, Appellant.

*December 22, 1890 — January 13, 1891.*

*Money unlawfully appropriated by county to town: Liability of officer receiving it.*

| 78 | 539 |
| 86 | 14 |

1. Where money has been appropriated by a county to a town and received by a town officer for the town, such officer must account for it to the town, although the appropriation was without authority of law.

2. In an action by the town against such officer to recover the money, it is no defense that he has expended it for the use of the town in repairing its highways and bridges, where it was not expended under the direction of the town board and no account thereof had been rendered to such board to be audited and allowed.

APPEAL from the Circuit Court for *Wood* County.

Action to recover the sum of $300 received by the defendant as chairman of the plaintiff town, and alleged to have been wrongfully retained by him and converted to his own

use. The facts will sufficiently appear from the opinion. A jury was waived, and the trial by the court resulted in findings and a judgment in favor of plaintiff. The defendant appeals from the judgment.

*Geo. L. Williams*, for the appellant.

For the respondent there was a brief by *Gardner & Gaynor*, and oral argument by *Geo. R. Gardner*.

COLE, J. We see no reason for reversing the judgment of the circuit court in this case. It seems to us the liability of the defendant, upon the evidence, is clear and certain. The county board, it appears, appropriated to the plaintiff town $300, to be paid to the town for bridge purposes. This money the defendant received, and has failed to account for it to the town. He was chairman of the plaintiff town at the time, and, of course, a member of the county board. That the money was appropriated to the plaintiff town, and that it was received by the defendant for the town, are facts so clearly and conclusively established that they cannot well be controverted. It is stated in the answer that the appropriation by the county board was contrary to law and was void, and that the payment of such money to the defendant was without any legal authority. It is not necessary either to affirm or deny the correctness of this averment of the answer. It is sufficient to say in respect to it that the defendant, having received the money as a public officer for the use of his town, cannot retain it on the plea that the county board had no legal authority to appropriate it to the town, or that the payment to him was wholly without warrant in law. He is in no position to make such a defense, because he shows no right whatever to retain the money, but is legally bound to account for it to the town, for whose use he received it. That principle of law is distinctly and plainly settled in the cases of *Bullwinkel v. Guttenberg*, 17 Wis. 584; *Cairns v. O'Ble-*

*ness*, 40 Wis. 477; *Kiewert v. Rindskopf*, 46 Wis. 481; *La Pointe v. Ashland*, 47 Wis. 251; and *Casper v. State*, 47 Wis. 535.

Another defense was that the defendant had expended and paid out this money for work on the public highways and bridges of the plaintiff town, and for materials used in such work. The counsel for the plaintiff well observes, as to this defense, that it is not sustained by the testimony. The trial court, though requested to so find the facts, refused to do so. We think the learned circuit judge was fully justified in refusing to find such facts upon the evidence. True, the defendant testified that in the year 1881 or spring of 1882 he built roads and repaired bridges in the town, and furnished materials for the same, all of which were worth $150, and that he paid one James McGlynn $150 for work which the latter performed in repairing highways of the town. The defendant is corroborated in this testimony by the witness McGlynn, who testified that in the spring of 1882 he performed work upon the highway of the town, which he describes, and that he was paid by the defendant $150 for this work. It is not claimed or pretended that the town board of the plaintiff town ever authorized, directed, or consented to the defendant expending the $300 in the way he expended it. It would appear from his statements that he assumed he had uncontrollable power and discretion to expend this money on the highways and bridges of the town as he saw fit; but the law gave him no such authority over the fund. The county board made the appropriation to the town, to be used for bridge purposes. Assuming that it might be applied to the repair of highways within the spirit of the appropriation, still it is very plain that it could only properly be expended under the direction of the town board. The statute gives the town board the care and supervision of the highways and bridges of the town, and makes it the duty of such board to give

The Town of Remington vs. Ward.

directions for repairing them. Sec. 1223, R. S. This legal duty is generally performed by the overseers of highways, who should ordinarily execute the orders of the town board when given them. Sec. 1232, R. S. The statute evidently contemplates that the town board should act in the matter and have a voice in determining where and for what the money should be expended. The defendant proceeded without warrant in law in making the expenditures as he says he made them. But besides, if he did really expend the money in the repair of the roads and bridges of the town, he should have rendered an account of his disbursements to the town board to be audited and allowed. Secs. 820–823, R. S. It would be anomalous if a town officer were permitted to receive the funds of a town and expend them at his discretion, without being required to render an account to any one as to the way or manner he had expended them. The statute law is not so imperfect or defective as to sanction it. The circuit court very properly disregarded the defendant's defense that he had expended the money for the use of the town in repairing its highways and bridges, for, if the defendant had expended the moneys for the use of the town in repairing its highways and bridges, he should have rendered his account to the town board of audit, to be investigated and allowed. The court, therefore, was perfectly right in rejecting his account, until such board had had an opportunity to examine and act upon it, and, if the defendant is compelled to pay this $300 to the town after having once expended it on its highways, it will be owing to his own fault or neglect in not rendering his account to the town board of audit, as the law required him to do.

The findings of the circuit court are fully sustained by the evidence, and we think the judgment should be affirmed.

*By the Court.*— It is so ordered.