GILMORE, Respondent, vs. ROBERTS and others, Appellants.

*March 20 — April 9, 1891.*

*Chattel mortgage: Evidence of consideration: Witness.*

1. The validity of a chattel mortgage securing notes given for a loan is not affected by the fact that all the securities were drawn payable, not to the person who actually furnished the money, but to a third person named "or bearer," and were never delivered to the person named as payee; but the lender to whom they are delivered takes title as "bearer," and the mortgage security, passing with the notes, may be enforced by him.

2. The fact that the securities were so taken for the purpose of evading the payment of taxes thereon, does not render the mortgage void as against subsequent attaching creditors of the mortgagor, as being against public policy, since the bearer will not require the aid of any illegal transaction to enforce them.

3. Parol evidence is admissible to prove that the consideration of notes and a chattel mortgage securing them was a loan of money, and the person who made such loan, though in the name of another, may testify to that fact.

APPEAL from the Circuit Court for *Price* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that March 13, 1888, the plaintiff loaned to one W. A. Boutelle $1,050, and in consideration thereof the said Boutelle at the same time executed and delivered to the plaintiff his three promissory notes, each payable to Mrs. M. A. Bradeen or bearer, at dates named, amounting in the aggregate to $1,100, and to secure the payment of which the said Boutelle, at the same time, executed and delivered to the plaintiff a chattel mortgage on his personal property in question, a copy of which was, on the same day, duly filed in the office of the city clerk of Chippewa Falls, in which said Boutelle then resided; that June 2, 1888, the firm of Roberts, Dirimple & Co. commenced an action against said Boutelle and another,

and issued an attachment therein, and delivered the same to the sheriff, who thereupon attached the property covered by the mortgage; that August 1, 1888, the plaintiff, as chattel mortgagee, commenced this action against the said firm of Roberts, Dirimple & Co. and the sheriff, for the recovery of the property or its value; that the defendants answered and justified the taking under the said writ of attachment and the judgment in that action; that at the close of the trial the court directed the jury to find a verdict in favor of the plaintiff, which they did, to the effect that they found for the plaintiff upon all the issues in the action; that the defendants unjustly took and unjustly detained the property described; that the value thereof was $1,500; that the value of the plaintiff's interest therein was $1,050; that the plaintiff's damages by reason of the unjust detention thereof was six cents. From the judgment entered upon that verdict accordingly, the defendants bring this appeal.

For the appellants there was a brief by *D. Buchanan, Jr.*, and *F. T. Condit*, and oral argument by *D. Buchanan, Jr.* They argued that the title of the mortgaged property never vested in the person named as mortgagee, because the mortgage was never delivered to her nor assented to by her. *Welch v. Sackett*, 12 Wis. 254; *McCourt v. Myers*, 8 id. 236; *Miller v. Blineburg*, 21 id. 676. The filing thereof was not notice to third parties, because it was not truthful; and that, being intended to deceive the public and parties interested as to the ownership of the property, it was against public policy, and void. *Camboso's Ex'rs v. Moffit's Assignees*, 2 Wash. C. C. 98; *Maybin v. Coulon*, 4 Dall. 298; *Dewitt v. Brisbane*, 16 N. Y. 508; *Drexler v. Tyrrell*, 15 Nev. 114; *Cox v. Wightman*, 66 N. Y. 612. Parol evidence was not admissible to contradict the express terms of the mortgage. The plaintiff having attempted a fraud upon the public by so drawing the securities, is estopped from

testifying to the consideration from himself. *Evans v. Dravo,* 24 Pa. St. 67.

*Hollon Richardson,* for the respondent, to the point that a note running to " bearer " was valid, and that the mortgage was a mere incident to and passed with the notes, cited numerous cases.

CASSODAY, J. There is no claim that Boutelle did not own the property covered by the chattel mortgage at the time it was executed, nor that it was given by him with any intent to hinder, delay, or defraud his creditors. Mrs. M. A. Bradeen is named as the mortgagee, and the mortgage purports to secure notes payable to her " or bearer."

1. Error is assigned because the court allowed the plaintiff to testify that the notes and mortgage were given to secure a loan made by the plaintiff to Boutelle at the time they were executed. There can be no reasonable doubt of the right to prove such consideration by parol. *De Voin v. De Voin,* 76 Wis. 66; *Telford v. Frost,* 76 Wis. 172; *Stowell v. Eldred,* 39 Wis. 614; *Northern Nat. Bank v. Lewis,* 78 Wis. 475, and cases there cited.

2. It is claimed that, as the notes and mortgage were never in fact delivered to Mrs. Bradeen, named therein, the mortgage never had any legal inception, and was therefore invalid. In support of such claim, the learned counsel for the defendant seems to rely particularly on *Welch v. Sackett,* 12 Wis. 243. In that case the mortgagor, without any request, assent, or knowledge of his foreign creditor, voluntarily procured a chattel mortgage to be drawn, and then executed the same in favor of such creditor, and thereupon delivered it to the person who drew it, with direction to file it, and notify the creditor; but before the creditor accepted the mortgage, or had any information respecting its execution, the property covered by the mortgage was seized on attachment against the mortgagor; and it was

held that the mortgage was void as against such attachment. That case is clearly distinguishable from the case at bar. So are other cases of a similar character, as *McPherson v. Featherstone*, 37 Wis. 632. In the case before us, the mortgagor did not undertake to act, nor to authorize any one to act, as agent for the person named as mortgagee. The plaintiff, acting for himself, advanced the money and took the notes and mortgage as security for the repayment of the same. The mortgagor made the notes payable to Mrs. Bradeen "or bearer," and then delivered them to the plaintiff, who thereby became the "bearer" of the notes, as he was in fact the owner of the notes. The mortgage was a mere incident to the notes, and the transfer of the latter to the plaintiff necessarily carried with them the mortgage. *Emmons v. Dowe*, 2 Wis. 322; *Croft v. Bunster*, 9 Wis. 503; *Kelley v. Whitney*, 45 Wis. 110. This court has recently held that "the fact that securities were taken by one person in the name of another, who had no interest in them, does not invalidate the securities, or prevent the person beneficially interested from enforcing payment of them by action." *Lane v. Duchac*, 73 Wis. 646. Whether a mortgage executed by a mortgagor in a fictitious name, and duly filed, would operate as constructive notice, is another question. *Alexander v. Graves*, 25 Neb. 453; *Mackey v. Cole, ante*, p. 426. See *In re Redding*, 2 Rob. Ecc. 339.

3. It is claimed that the notes and mortgage were taken by the plaintiff in the name of Mrs. Bradeen, for the purpose of evading the payment of taxes thereon, and hence were void as against public policy. This court has recently considered at some length the nature of contracts void as against public policy. *Chippewa Valley & S. R. Co. v. C., St. P., M. & O. R. Co.* 75 Wis. 224. One of the tests in determining whether a contract is void, as against public policy, is whether the person seeking to enforce it requires the aid of an illegal transaction to establish his case. *Swan*

*v. Scott,* 11 Serg. & R. 155; *Thomas v. Brady,* 10 Pa. St. 170; *Scott v. Duffy,* 14 Pa. St. 20; *Melchoir v. McCarty,* 31 Wis. 252; *Troewert v. Decker,* 51 Wis. 46; *Clarke v. Lincoln L. Co.* 59 Wis. 663; *Davy v. Kelley,* 66 Wis. 452; *Wells v. McGeoch,* 71 Wis. 234; *De Wit v. Lander,* 72 Wis. 121. Thus, in *Scott v. Duffy, supra,* money had been loaned to enable the borrower to bet upon a pending presidential election, and it was held that the lender could recover it back. It is said in the opinion of the court: "But this is not an action to recover money won on a wager, nor to recover back money paid on a gaming contract. . . . The loan of the money did not arise out of the bet or of any bet. It was not made to carry any specific debt into execution, but made on an assertion that it would be bet on the election. Honor and good faith seem to require that it should be repaid, and we have not been informed of any statute in New Jersey which prevents it. As the loan was independent of any bet, and made before any debt was entered into, it was not necessary for the plaintiff in any way to aver or show to the court below that a bet was made." This court has held that the use of a homestead for unlawful purposes does not render it subject to seizure and sale on execution. *Prince v. Hake,* 75 Wis. 638. As already indicated, the plaintiff in this action had the lawful right to loan his money and take the notes and mortgage to secure the repayment of the same, as he did. That transaction, in and of itself, was certainly lawful and binding upon the property covered by the mortgage, as against the defendants.

The transaction itself being lawful, the question recurs whether the mere purpose of taking the notes and mortgage in a form better calculated to enable the plaintiff thereafter to escape taxation thereon rendered them void as against subsequent attaching creditors of the mortgagor. In other words, is a legal transaction rendered illegal by reason of a secret purpose of one of the parties to subse-

quently use the avails of the transaction in a manner not best calculated to promote the public welfare? It seems to us that it is not. Courts deal with overt acts, and not with mere secret purposes which may never be carried into execution. *Drexler v. Tyrrell,* 15 Nev. 114, cited by the learned counsel for the defendant, seems to support his contention; but it was decided by a divided court, and under a statute very different from ours. But, even if it were otherwise, we should not feel justified in following it. Under our statute, the plaintiff could not properly escape taxation on the notes and mortgage by taking them in the name of another.

*By the Court.*— We find no error in the record. The judgment of the circuit court is affirmed.