STANDARD LIFE & ACCIDENT INSURANCE CO. *v.* CATLIN.

LIFE INSURANCE—INTERPLEADER—RIGHTS OF BENEFICIARY—INSURABLE INTEREST.

> Where a life-insurance company concedes its liability upon a policy payable to a specified person if surviving, otherwise to the legal representatives of the insured, and pays the amount of the policy into court, the administrator cannot resist payment to the beneficiary named on the ground that he had no insurable interest in the life of the insured.

Appeal from Wayne; Lillibridge, J. Submitted June 12, 1895. Decided July 2, 1895.

Bill of interpleader by the Standard Life & Accident Insurance Company against Nettie Gail Catlin and James E. Hawkins, administrator of the estate of Andrew Catlin, deceased, to determine the right to the proceeds of a policy. From a decree in favor of defendant Catlin, the administrator appeals. Affirmed.

*T. A. E. & J. C. Weadock   (T. E. Tarsney and W. W. Wicker,* of counsel), for appellant.

*Sellers & Sellers,* for defendant Catlin.

MONTGOMERY, J.   This is a bill of interpleader.  The complainant, having admitted liability upon a policy of insurance issued to Andy Catlin, and having paid the money into court, the contest is between Nettie Gail Catlin and the personal representatives of the deceased.  The policy contained the following assurance by the company:

"Will pay the insured the full principal sum aforesaid; or if death shall result from such injuries alone, within 90 days, will pay $600 to little Nettie Gail Catlin, daughter, if surviving, or, in the event of her prior death, to the legal representatives or assigns of the insured."

It is contended by the counsel for the administrator that Nettie Gail Catlin was not in fact the daughter of the deceased, and did not have an insurable interest in his life.  If this contention should be allowed as a matter of fact, it would follow that the policy is void on the ground of public policy.  *Mutual Benefit Association* v. *Hoyt,* 46 Mich. 473.   But we think, as between the complainant (the insurance company) and Nettie Gail Catlin, the question is not here.   The company concedes its liability on the contract, and has paid the money into court. If the question were open, it is difficult to see how a determination that the policy is a wager policy would be fruitful in results to the heirs of the deceased.   See *Smith* v. *Pinch,* 80 Mich. 332.   There is no doubt upon this record either of the identity of Nettie Gail Catlin or that she survived the insured.   By the very terms of the policy, the heirs are not then beneficiaries.   The policy is payable to the legal representatives of the deceased only in the event of the death of Nettie Gail Catlin prior to the death of the insured.   The only contingency, therefore, by which the heirs can, under the terms of the policy, become interested in the insurance, has not hap-

pened; and, as the company concedes its liability upon the contract, we think the appellant is not concerned in the litigation, and the decree awarding the fund to Nettie Gail Catlin should be affirmed, with costs.

The other Justices concurred