| | |
|---|---|
| 124 | 545 |
| j150 | 660 |
| 150 | 661 |
| 150 | 662 |
| f150 | 663 |
| 150 | 665 |
| e150 | 667 |

COWIN v. HURST.

Trusts — Insurance Policy — Beneficiary—Trustee—Duty to Account—Validity of Trust—Waiver by Company.

* M. was a member of the Ancient Order of United Workmen. His beneficiary, at his death, was entitled to receive $2,000. His wife and daughter, his first beneficiaries, having died, he desired to make C., his son-in-law, his beneficiary. This was prohibited by the articles of association. He thereupon made his niece his beneficiary, with a written agreement, signed by her, that upon receipt of the fund she would pay it over to C. The association issued a draft to the niece with full knowledge of the trust upon which she had agreed to receive it. Upon receipt of the draft she refused to transfer it to C., or to pay him the money. *Held*, that she was bound to carry out the trust, and that the association is the only party in position to contest the legality of the transaction.

Appeal from Montcalm; Davis, J.  Submitted June 12, 1900.  Decided July 3, 1900.

Bill by John Cowin against Harriet F. Hurst to enjoin the collection of a certain draft.  From a decree for complainant, defendant appeals.  Affirmed.

One William Maxted was a charter member of a lodge of the Ancient Order of United Workmen at Greenville, and held his membership until his death, May 13, 1898. Under the insurance clause of his membership, his beneficiary was entitled, at his death, to receive the sum of $2,000.  His wife was his first beneficiary.  Upon her death he made his daughter, an only child, Mrs. Cowin, his beneficiary.  She died childless.  After the death of Mrs. Maxted he lived for some time with his daughter and her husband, until he married again.  Upon the death of his daughter he desired to make Mr. Cowin his beneficiary, but, under the articles of association, the beneficiaries were limited to members of one's family, or some blood relative.

---

* Head-note by Grant, J.

He informed the officers of the association of his desire. The recorder of the local lodge informed him that it was doubtful whether the transfer could be made to Mr. Cowin, but he thought it could. The local recorder thereupon wrote to the grand recorder, who informed him that it could not be made direct to Mr. Cowin. It was, however, considered proper and competent by the officers that he should name a niece (the defendant) as his beneficiary, with the understanding or agreement that she, upon his death and receipt of the money, should pay it to Mr. Cowin. This seems to have been definitely understood, not only by the officers, but by all the members, of the local lodge. This was done, and defendant and Mr. Cowin executed a contract whereby Mr. Cowin agreed to convey to Mr. Maxted his one-half interest in the homestead, the title to which had stood in his wife, and defendant agreed that, "upon receiving or coming into possession of the said sum of money mentioned in said certificate of insurance, or any part thereof, she will, without delay, pay and deliver the same over to the said party of the second part, or to his legal heirs." Upon receipt of the draft of $2,000 she refused to carry out the agreement, and attempted to obtain the money. Mr. Cowin thereupon filed a bill to enjoin her from making the collection. The case was heard upon pleadings and proofs taken in open court, and decree rendered for the complainant.

*Edward J. Bowman* (*N. O. Griswold*, of counsel), for complainant.

*Chaddock & Scully* (*Allen B. Morse*, of counsel), for defendant.

GRANT, J. (*after stating the facts*). The claim of the defendant is that because Mr. Cowin had no insurable interest in Mr. Maxted's life, and could not be made a beneficiary, therefore the contract between complainant and defendant is void, as against public policy, and that the courts will not afford relief. This position ignores another legal and equitable rule,—that a trustee

cannot be heard to say, "I will not carry out the trust, because the parties had no legal right to repose the trust in me." The Ancient Order of United Workmen is not here complaining. If it were, a different question would arise. There was no attempt to defraud the association. It was fully informed of the situation, and, after being so informed, consented to pay over the money. Upon what principle of justice or equity can the trustee be heard to say, "I will profit to the full extent of the money placed in my hands by the consent of all parties, although one of them might, if it chose, contest its legality?" If the association had issued a certificate to the defendant, and provided therein that she should hold the money in trust to pay his creditors, the certificate would be void, if the association saw fit to make that defense; but if the association should choose to waive such defense, and pay over the money to the trustee, neither law nor equity would permit the trustee to profit by the transaction, and keep the money. The rule is settled against the defendant by numerous authorities: *Peek's Ex'r* v. *Peek's Ex'r*, 101 Ky. 423 (41 S. W. 434); *Town of Remington* v. *Ward*, 78 Wis. 539 (47 N. W. 659); *Gilmore* v. *Roberts*, 79 Wis. 450 (48 N. W. 522); *Wells* v. *McGeoch*, 71 Wis. 196 (35 N. W. 769); *Hurd* v. *Doty*, 86 Wis. 1 (56 N. W. 371, 21 L. R. A. 746); *Standard Life & Accident Ins. Co.* v. *Catlin*, 106 Mich. 138 (63 N. W. 897); *Hosmer* v. *Welch*, 107 Mich. 474 (65 N. W. 280); *Woodruff* v. *Tillman*, 112 Mich. 188 (70 N. W. 420). The sole parties concerned in the validity of this transaction are Mr. Cowin and the association. If they are satisfied, it does not lie in the mouth of the defendant to complain. She has no equities. She paid nothing. Mr. Cowin parted with his interest in the homestead, worth $600, in consideration of making this agreement, and, besides, paid Mr. Maxted's assessments for several years.

The decree is affirmed, with costs.

The other Justices concurred.