NORTHWESTERN MUTUAL LIFE INS. CO. ET AL. v. COSHOCTON GLASS CO.

1. INSURING COMPANY ONLY MAY INTERPOSE OBJECTION OF LACK OF INSURABLE INTEREST IN BENEFICIARY.

Only the company issuing a policy of life insurance can take advantage of the fact that the payee named in the policy is not within the class which by the constitution of the company is entitled to take the benefit; and where a policy of life insurance was valid at its inception and was procured in good faith, the beneficiary or an assignee may hold or enforce the policy as against the claims of the executor, notwithstanding neither of them had any interest in the life of the insured.

2. TERMINATION OF INTEREST OF BENEFICIARY IN LIFE OF INSURED BEFORE DEATH OF LATTER IMMATERIAL.

The fact that the interest in the life of the insured of the beneficiary under a valid policy ceased before the death of the insured is immaterial, unless such be the necessary effect of the provisions of the policy itself.

3. INSURABLE INTEREST FOUNDED ON CONTRACTUAL RELATION, OR BLOOD OR AFFINITY.

One having an interest in the continuance of a certain life and an expectation of benefit to arise therefrom, whether founded upon a contractual relation or upon blood or affinity, has an insurable interest in that life.

4. RIGHT OF CORPORATION TO INSURE LIFE OF OFFICER.

The right of a corporation to insure the life of an officer or employe of the corporation depends upon the conditions existing at the time the policy was issued and the good faith of the transaction.

5. TERMINATION OF RELATION OF EMPLOYE OF CORPORATION DOES NOT INVALIDATE POLICY ON HIS LIFE IN WHICH CORPORATION IS BENEFICIARY.

Where a corporation has a pecuniary interest in a continuance of the life of one of its officers or employes, due to the fact that he alone has a full knowledge of the business and is experienced in its conduct and is giving his whole time to its superintendence, and the corporation is obtaining credit by reason of the fact that its management is in his hands, and an application is made by him for a policy of insurance upon his life made payable to the company and the premiums upon which are to be paid by the company, an insurable interest is shown and the good faith of the transaction must be upheld; and in such a case the fact that the insured left the service of the corporation some time before his death occurred, and his executor is contesting the claims of corporation to the proceeds of the policy, is not sufficient to defeat the title of the corporation thereto.

[Syllabus by the court.]

ERROR to Coshocton common pleas court.

Coshocton County.

In February, 1904, the Coshocton Glass Company was a corporation under the laws of Ohio, engaged in manufacturing glass bottles and wares, with its office at Coshocton, Ohio. Its capital stock was $60,000 of which $35,000 was common stock and $25,000 was preferred. The common stock was owned by said Thomas J. Gainor then living, and one E. K. Sober and E. G. VanHorn, they having a controlling interest in the corporation. The preferred stock was sold to citizens of Coshocton county to obtain working capital. During the summer and fall of 1904, in addition to selling the preferred stock to provide funds for operating expenses the company was borrowing largely from banks in Coshocton. The managing officers of the company were: President, E. K. Sober, vice president and general manager, Thomas J. Gainor; E. G. VanHorn was secretary and treasurer. These three men with Dr. H. R. McCurdy and Louis Brendel constituted the board of directors. Thomas J. Gainor was the only one of these officers who had any practical knowledge of the glass bottle business. He was a man of wide experience in that regard. Stock was sold and credit extended to the company by reason of Gainor's position as manager.

Prior to August 26, 1904, at the request of some of the stockholders and creditors of the company, Sober, VanHorn and Gainor arranged and agreed to procure insurance on their own lives in the sum of $10,000, for the benefit of the corporation, the Coshocton Glass Company, for the policy sued on this case, naming the said the Coshocton tion to the defendant, the Northwestern Mutual Life Insurance Company for the policy sued on in this case, naming the said the Coshocton Glass Company as the beneficiary therein. The policy was issued September 13, 1904, and was one of two policies, each for the sum of $5,000 taken in pursuance of said arrangement, and was delivered to said company, said company paying the first, as well as all subsequent premiums on the policy, during the lifetime of Thomas J. Gainor, he paying no part thereof.

About January 12, 1906, said Gainor, Sober and VanHorn sold all their stock and interest in said company to Hyppolyt and Charles A. Liewer, and from that time ceased to have any financial interest in said company; but Gainor continued in the employ of the company as its vice-president and superintendent until about September 1, 1906, when on account of ill health he resigned and moved from Coshocton to Newark. From September 1, 1906, until his death which occurred April 11, 1908, he had no connection with said company. The policy was continued in full force by the payment of the premiums by the

Glass Company. When Gainor, Sober and VanHorn in January, 1906, sold their stock and interest in the Glass Company to the Liewer Bros. the policy in this case was assigned to them as collateral security for loans made by them to the plaintiff company. Said Thomas J. Gainor and his wife, Mary M. Gainor, joined in said assignment. Afterwards, and in November, 1906, said Glass Company having liquidated the loans for which said policy was assigned as collateral security, said Glass Company desiring to have said policy released, said Thomas J. Gainor and Mary M. Gainor, his wife, for a good and valuable consideration executed and delivered to said the Coshocton Glass Company the written instrument attached to the bill of exceptions in this case and made a part thereof, marked plaintiff's exhibit No. 2.

Gainor died testate; his will was probated in Licking county and plaintiffs in error were appointed as executors thereof.

After Gainor's death the Glass Company gave notice and proof of death to the Insurance Company, and demanded payment; the executors did the same. The Insurance Company refused payment because of the conflicting claimants.

This suit was brought by the Glass Company to enforce payment; the Insurance Company filed its answer and cross petition admitting its liability on the policy, but alleging its ignorance of the respective rights of the claimants, and asked permission of the court to pay the full amount into court and to be discharged. The prayer of the Insurance Company was granted, and the amount, to wit, $5000 was paid into court, and the cause proceeded to trial upon the issue joined between the plaintiff company and the executors, to the court, without the intervention of a jury, and resulted in a finding and judgment in favor of the plaintiff, the Coshocton Glass Company.

Error is prosecuted to this court and a petition in error was duly filed by the executors of the estate of Thomas J. Gainor, deceased, for the purpose of reversing the finding and judgment of the court of common pleas, assigning numerous errors therefor.

**Flory & Flory,** for plaintiff in error:

Cited and commented upon the following authorities: *Ryan* v. *Rothweiler,* 50 Ohio St. 595 [35 N. E. Rep. 679]; *Manhattan Ins. Co.* v. *Smith,* 44 Ohio St. 157 [5 N. E. Rep. 417; 58 Am. Rep. 806]; *Fraternal Mut. Ins. Co.* v. *Applegate,* 7 Ohio St. 292; *Eckel* v. *Renner,* 41 Ohio St. 232; *Evans* v. *Moore,* 28 O. C. C. 1 (7 N. S. 123); *Schott & Sons Co.* v. *Insurance Co.* 19 Dec. 249 (7 N. S. 548); *Security Mut. Life Ins. Co.*

v. *Schott*, 30 O. C. C. 656 (11 N. S. 401); *National Mut. Aid Assn.* v. *Gonser*, 43 Ohio St. 1 [1 N. E. Rep. 11]; *Warnock* v. *Davis*, 104 U. S. 775 [26 L. Ed. 924]; *Crotty* v. *Insurance Co.* 144 U. S. 621 [12 Sup. Ct. Rep. 749; 36 L. Ed. 566]; *Mutual Life Ins. Co.* v. *Richards*, 99 Mo. App. 88 [72 S. W. Rep. 487]; *Strode* v. *Drug Co.* 101 Mo. App. 627 [74 S. W. Rep. 379]; *Quinn* v. *Supreme Council*, 99 Tenn. 80 [41 S. W. Rep. 343]; *Morris* v. *Savings & Banking Co.*, 109 Ga. 12 [34 S. E. Rep. 378; 46 L. R. A. 506]; *Roller* v. *Moore*, 86 Va. 512 [10 S. E. Rep. 241; 6 L. R. A. 136]; *Tate* v. *Building Assn.*, 97 Va. 74 [33 S. E. Rep. 382; 45 L. R. A. 243; 75 Am. St. Rep. 770]; *Trinity College* v. *Insurance Co.* 113 N. C. 244 [18 S. E. Rep. 175; 22 L. R. A. 291]; *Widaman* v. *Hubbard*, 88 Fed. Rep. 806; *Cammack* v. *Lewis*, 82 U. S. (15 Wall.) 643 [21 L. Ed. 244]; *Cheeves* v. *Anders*, 87 Tex. 287 [28 S. W. Rep. 274; 47 Am. St. Rep. 107]; *Mayher* v. *Insurance Co.* 87 Tex. 169 [27 S. W. Rep. 124]; *Mutual Life Ins. Co.* v. *Blodgett*, 8 Tex. Civ. App. 45 [27 S. W. Rep. 286]; *Weigelman* v. *Bronger*, 96 Ky. 132 [28 S. W. Rep. 334]; *Beard* v. *Sharp*, 100 Ky. 606 [38 S. W. Rep. 1057]; *Riner* v. *Riner*, 166 Pa. St. 617 [31 Atl. Rep. 347; 45 Am. St. Rep. 693]; *Lanouette* v. *Laplante*, 67 N. H. 118 [36 Atl. Rep. 981]; *Exchange Bank* v. *Loh*, 104 Ga. 446 [31 S. E. Rep. 459; 44 L. R. A. 372]; *Irons* v. *Insurance Co.* 128 Ky. 640 [108 S. W. Rep. 904; 129 Am. St. Rep. 318]; *Bendet* v. *Ellis*, 120 Tenn. 277 [111 S. W. Rep. 795; 18 L. R. A. (N. S.) 114; 127 Am. St. Rep. 1000]; *Mutual Life Ins. Co.* v. *Lane*, 151 Fed. Rep. 276; 1 Cooley, Insurance pp. 270, 274, 278, 298, 300, 301, 302, 308, 309, 215; *Wilton* v. *Insurance Co.* 34 Tex. Civ. App. 156 [78 S. W. Rep. 403]; *Bramblett* v. *Hargis*, 123 Ky. 141 [94 S. W. Rep. 20]; *Dugger* v. *Insurance Co.*, 81 S. W. Rep. 335.

**Pomerene & Pomerene**, for defendant in error:

An insurable interest is not necessary where one causes his own life to be insured for the benefit of a stranger. *Ryan* v. *Rothweiler*, 50 Ohio St. 601 [35 N. W. Rep. 679]; May, Insurance Sec. 75b; *Bloomington Mut. Ben. Assn.* v. *Blue*, 120 Ill. 121 [11 N. E. Rep. 394; 60 Am. Rep. 558]; *Martin* v. *Stubbings*, 126 Ill. 387 [18 N. E. Rep. 657; 9 Am. St. Rep. 620]; Kerr, Insurance pp. 679, 680; *Milner* v. *Bowman*, 119 Ind. 448 [21 N. E. Rep. 1094]; *Langford* v. *Freeman*, 60 Ind. 46; *Campbell* v. *Insurance* Co. 98 Mass. 381; *Scott* v. *Dixon*, 108 Pa. St. 6 [56 Am. Rep. 192]; *Hill* v. *Insurance Co.* 154 Pa. St. 29 [25 Atl. Rep. 771; 35 Am. St. Rep. 807]; *Fairchild* v. *Life Assn.*, 51 Vt. 613; *Aetna Life Ins. Co.* v. *France*, 84 U. S. 561 [24 L. Ed. 287]; *Allen* v.

Insurance Co. v. Glass Co.

*Insurance Co.,* 72 Conn. 693 [45 Atl. Rep. 955]; *Albert* v. *Insurance Co.,* 122 N. C. 92 [30 S. E. Rep. 327; 65 Am. St. Rep. 693]; *Van-Cleave* v. *Surety Co.,* 82 Mo. App. 668; *Ashford* v. *Insurance Co.,* 80 Mo. App. 638; *Croswell* v. *Indemnity Assn.,* 51 S. C. 103 [28 S. E. Rep. 200]; *Goodrich* v. *Treat,* 3 Col. 408; *Classey* v. *Insurance Co.* 84 Hun. 350 [32 N. Y. Supp. 335]; *Tucker* v. *Insurance Co.,* 50 Hun. 50 [4 N. Y. Supp. 505]; affirmed, no op., *Bennett, In re,* 12 N. Y. 718 [24 N. E. Rep. 1102]; *Prudential Insurance Co.* v. *Hunn,* 21 Ind. App. 525 [52 N. E. Rep. 772; 69 Am. St. Rep. 380]; *Olmsted* v. *Keyes,* 85 N. Y. 593; *Hess* v. *Segenfelter,* 32 Ky. 225 [105 S. W. Rep. 476]; Vance, Insurance Sec. 49; *Heinlein* v. *Insurance Co.,* 101 Mich. 250 [59 N. W. Rep. 615; 25 L. R. A. 627; 45 Am. St. Rep. 409]; *Morrell* v. *Insurance Co.,* 64 Mass. (10 Cush.) 282 [57 Am. Dec. 92]; *Connecticut Mut. L. Ins. Co.* v. *Schaefer,* 94 U. S. 457 [24 L. Ed. 251]; May, Insurance Sec. 112; Blisson, Insurance Sec. 76; Bacon, Insurance Sec. 729; Beach, Insurance Sec. 861; Joyce, Insurance Sec. 729; *Bloomington Mut. Ben. Assn.* v. *Blue,* 120 Ill. 121 [11 N. E. Rep. 331; 60 Am. Rep. 558]; *Union Fraternal League* v. *Walton,* 109 Ga. 1 [34 S. E. Rep. 317; 46 L. R. A. 424; 77 Am. St. Rep. 350]; *Northwestern Masonic Aid Co.* v. *Jones,* 154 Pa. St. 99 [26 Atl. Rep. 253; 35 Am. St. Rep. 810]; *Albert* v. *Insurance Co.,* 122 N. C. 92 [30 S. E. Rep. 327; 65 Am. St. Rep. 693].

The Glass Company had an insurable interest in the life of Gainor at the time the policy was issued. Elliott, Insurance Sec. 57; *Warnock* v. *Davis,* 104 U. S. 775 [26 L. Ed. 924]; Bliss, Life Insurance Sec. 21; *Trenton Mut. L. Ins. Co.* v. *Johnson,* 24 N. J. Law 576, 586; *State* v. *Willett,* 171 Ind. 296 [86 N. E. Rep. 68; 26 L. R. A. (N. S.) 197]. *Corson, Appeal of,* 113 Pa. St. 446 [6 Atl. Rep. 213; 57 Am. Rep. 479]; *Connecticut Mut. Life Ins. Co.* v. *Schafer,* 94 U. S. 457 [24 L. Ed. 251]; *Mechanics Nat. Bank* v. *Comins,* 72 N. H. 12 [55 Atl. Rep. 191; 101 Am. St. Rep. 650].

Did its interest therein lapse when the insurable interest ceased? Elliott, Insurance Sec. 19; 1 Joyce, Insurance Secs. 25, 26; *Nye* v. *Grand Lodge,* 9 Ind. App. 131 [36 N. E. Rep. 429]; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24 [52 Am. Rep. 245]; *Trenton Ins. Co.* v. *Johnson,* 24 N. J. L. 576; *Rawls* v. *Insurance Co.,* 27 N. Y. 282 [84 Am. Dec. 286]; *Olmstead* v. *Keyes,* 85 N. Y. 593; *Scott* v. *Dixon,* 108 Pa. St. 6 [56 Am. Rep. 192]; *Sides* v. *Insurance Co.* 16 Fed. Rep. 650; 1 Cooley's Briefs, p. 311; *Connecticut Mut. Life Ins. Co.* v. *Schaefer,* 94 U. S. 457 [24 L. Ed. 251]; *Manhattan Life Ins. Co.* v. *Hennessy,* 99 Fed. Rep. 64; *Ritter* v. *Smith,* 70 Md. 261 [16 Atl. Rep. 890; 2 L. R. A.

844]; *Mutual Life Insurance Co.* v. *Allen,* 138 Mass. 24 [52 Am. Rep. 245]; *Rawles* v. *Insurance Co.,* 27 N. Y. 282 [84 Am. Dec. 280]; *Wright* v. *Life Assn.* 118 N. Y. 237 [23 N. E. Rep. 186; 6 L. R. A. 731; 16 Am. St. Rep. 749]; *Grattan* v. *Insurance Co.* 15 Hun. (N. Y.) 74; *Scott* v. *Dickson,* 108 Pa. St. 6 [56 Am. Rep. 192]; *Corson, Appeal of,* 113 Pa. St. 438 [6 Atl. Rep. 213; 57 Am. Rep. 479]; *Mowrey* v. *Insurance Co.,* 9 R. I. 346; 25 Cyc. 711; Joyce, Insurance Sec. 902; Elliott, Insurance Sec. 60; *Rawls* v. *Insurance Co.,* 36 Barb. (N. Y.) 357; *American Employers Liability Co.* v. *Barr,* 68 Fed. Rep. 873 [16 C. C. A. 51; 32 U. S. App. 444]; *Langdon* v. *Insurance Co.* 14 Fed. Rep. 272; *Robinson* v. *Accident Association,* 68 Fed. Rep. 825; *Provident Life & Ins. Co.* v. *Baum,* 29 Ind. 236; *Pacific Mut. Life Ins. Co.* v. *Williams,* 79 Tex. 633 [15 S. W. Rep. 478]; Elliott, Insurance Secs. 60, 63; Joyce, Insurance Sec. 902.

The executors of Gainor's estate cannot raise the question of lack of insurable interest, if the insurance company does not. *Chicago Title & Trust Co.* v. *Haxtun,* 129 Ill. App. 626; *Standard Life & Acc. Ins. Co.* v. *Catlin,* 106 Mich. 138 [63 N. W. Rep. 897]; *Johnson* v. *Van Epps,* 110 Ill. 552; *Hosmer* v. *Welch,* 107 Mich. 470 [65 N. W. Rep. 280; 67 N. W. Rep. 504]; *Groff* v. *Insurance Co.* 92 Ill. App. 207; *Langford* v. *Freeman,* 60 Ind. 46; *Diffenbach* v. *Insurance Co.,* 61 Md. 370. (This policy or contract was not a wager.)

**VOORHEES, J.**

There is practically no conflict in the testimony as to the facts in this case, and the main contention of the plaintiffs in error is that the plaintiff below, the Glass Company, had no insurable interest in the life of Mr. Gainor at the time the policy was issued, and therefore the contract of insurance was a wagering one and was void in its inception, or if the company had an insurable interest in Mr. Gainor's life when the policy was issued, the interest lapsed and was lost when he, Gainor, ceased to belong to the company or to be an employe thereof.

These contentions raise the important legal questions involved in the case, and they may be summarized as follows:

1. Is an insurable interest necessary where one causes his own life to be insured for the benefit of a stranger?

2. Did the Glass Company have an insurable interest in the life of Mr. Gainor at the time the policy was issued?

3. If the Glass Company had an insurable interest in Gainor's

life at the time the policy was issued, did its interest lapse when that interest ceased?

4. Can the executors of Gainor's estate raise the question of lack of insurable interest if the Insurance Company does not?

Considering the questions in the order named: It may be stated at the threshold of the inquiry that; the undisputed facts are that Gainor personally conducted the negotiations with the Insurance Company for the policy, signed the application and designated and had named therein the Glass Company as the beneficiary, causing his own life to be insured for the benefit of the company. In such case it is immaterial whether the company had an insurable interest in his life or not. When one causes his own life to be insured for the benefit of a stranger, the want of an insurable interest in the stranger will not invalidate the policy. *Ryan* v. *Rothweiler*, 50 Ohio St. 595, 601 [35 N. E. Rep. 679]; May, Insurance Sec. 750.

When a person effects insurance on his own life, and designates another as payee in the policy, without any fraud being practiced upon the insurer, the person named may maintain an action upon the policy without showing an insurable interest in the life of the insured. No one except the insured can take advantage of the fact that the payee named in the policy is not within the class which by the constitution of insurer is entitled to take the benefit. Kerr, Insurance pp. 679, 680; *Milner* v. *Bowman*, 119 Ind. 448 [21 N. E. Rep. 1094; 5 L. R. A. 95].

The weight of authority is, or seems to be that—

In the absence of bad faith or fraud, the insured may have the policy made payable to any one.

When a person takes out a policy of insurance upon his own life, and the amount is made payable to another having no interest in the life, or where the insured assigns his policy to one having no such interest, the beneficiary, or the assignee may hold and enforce the policy, if it was valid in its inception, and was procured or the assignment made in good faith. *Olmstead* v. *Keyes*, 85 N. Y. 593, 595.

Had the Glass Company an insurable interest in the life of Thos. J. Gainor at the time the policy was issued?

This involves a question of fact as well as of law. The right of a corporation to insure the life of an officer of the corporation or an employe in its service, depends upon conditions and the good faith of the transaction on which the insurance was obtained.

The record in this case shows that the Glass Company was engaged in a business of established lines of skilled workmanship; a large

amount of capital was invested in the plant and its stock, and liabilities were outstanding for loans. Only one of its officers, namely, Thos. J. Gainor, had experience and specialized knowledge and skill in the business in which he was engaged. He was its vice president and general manager, and was devoting his time and energies to the building up, establishing and superintending the enterprise. To him, creditors and stockholders alike looked and largely depended upon him for the success of the company's business. Mr. Gainor's life by reason of his skill and ability in the business was a valuable asset of the company, and his death would be correspondingly a loss to the company financially. For these reasons, at least, if no other the company was financially interested in the life and the continuance of the life of Mr. Gainor.

We are conscious of the difficulty of defining with absolute precision what will in all cases constitute an insurable interest in the life of a person, so as to take a contract of insurance out of the class of wager policies. But we believe the test to be that where there is a reasonable ground, founded upon the relations of the parties to each other contractual, or by blood or affinity, whereby any pecuniary interest arises in the continuance of the life or expected benefit, or advantage from the continuance of the life of such person, there is an insurable interest in his or her life.

Elliott, Insurance Sec. 57 and *Warnock* v. *Davis*, 104 U. S. 775 [26 L. Ed. 924], seem to favor and support this principle.

Bliss, Life Insurance Sec. 21, says:

"The tendency of the American decisions, especially the more recent ones, is to hold that wherever there is any well founded expectation of or claim to any advantage to be derived from the continuance of a life, there is an insurable interest in that life, though there may be no claim that can be recognized in law or equity."

The interest required need not be such as to constitute the basis of any direct claim in favor of the plaintiff, the Glass Company, upon the life of the insured Gainor; it is sufficient if an indirect advantage may result to the plaintiff from the continuance of his life.

This principle is recognized and sustained by authority. *Trenton Mut. L. Ins. Co.* v. *Johnson*, 24 N. J. Law 576, 586; *State* v. *Willett*, 171 Ind. 296 [86 N. E. Rep. 68; 26 L. R. A. (N. S.) 197]; *Corson, Appeal of*, 113 Pa. St. 446 [6 Atl. Rep. 213; 57 Am. Rep. 479].

Did the Glass Company's interest terminate or lapse when Gainor ceased to be an officer or employee of the company?

Insurance Co. v. Glass Co.

It is contended by plaintiff in error that Gainor having left the services of the Glass Company on September 1, 1906, the company could not suffer any loss by his death in April, 1908, and therefore it could claim nothing under the policy. We do not agree with this contention, but on the contrary believe the rule to be that if a policy is valid at its inception because based on either an adequate insurable interest, or the policy was taken out by Gainor on his own life, the existence of such an interest at the maturity of the policy is immaterial. This doctrine is recognized and held to be law, by the great weight of authority in the United States, as will appear by 1 Cooley's Briefs p. 311, wherein the author cites many authorities, among them  *Connecticut Mutual Life Ins. Co.* v. *Schaefer,* 94 U. S. 457 [24 L. Ed. 251].

The fact that such interest ceased before the death of the assured is immaterial on the question of plaintiff's right to recover, unless such be the necessary effect of the provisions of the policy itself. Joyce, Insurance Sec. 902; Elliott, Insurance Sec. 60.

If the Insurance Company does not raise the question as to want of insurable interest of the Glass Company in the life of Gainor at the time the policy was issued, can the executors of his estate do so?

The Insurance Company recognized its liability on the policy and paid the full amount into court to be distributed under its order. The insurance company does not question the right of the Glass Company to recover for want of an insurable interest in the life of Gainor, but recognized the contract as a valid one and enforceable. Under these conditions, can be executors of Gainor's estate defend against the claim of the Glass Company, when the Insurance Company waived it?

No one but the insurer is entitled to interpose a defense of lack of insurable interest in the beneficiary named in the policy. We think the weight of authority in this county is to this effect, as shown by the following cases:  *Chicago Title & Trust Co.* v. *Haxtun,* 129 Ill. App. 626; *Standard Life & Acc. Ins. Co.* v. *Catlin,* 106 Mich. 138 [63 N. W. Rep. 897]; *Johnson* v. *Van Epps,* 110 Ill. 552; *Hosmer* v. *Welch,* 107 Mich. 470 [65 N. W. Rep. 280; 67 N. W. Rep. 504]; *Graff* v. *Insurance Co.,* 92 Ill. App. 207; *Langford* v. *Freeman,* 60 Ind. 46, 55; *Diffenback* v. *Insurance Co.,* 61 Md. 370; and *Mechanics Nat. Bank* v. *Comins,* 72 N. H. 12 [55 Atl. Rep. 191; 101 Am. St. Rep. 650].

It is not contended that the policy was void in its inception, or when taken out by Mr. Gainor on his own life, and the record does not show or tend to establish any bad faith on the part of the Glass Company in accepting this policy, or in consenting to be named as the beneficiary

therein. In short, the policy was applied for by Mr. Gainor on his own life in good faith and not for the purpose of speculating upon his life. The Insurance Company in issuing the policy also acted in good faith and raised no question as to the *bona fides* of the transaction, when the policy became payable upon the death of Mr. Gainor. These facts all appearing in the record show that no gambling element entered into the contract of insurance.

"Public policy is that principle of law which holds that no subject can lawfully do that which has a tendency to be injurious to the public or against the public good."

It may be true as an abstract proposition of law that a corporation has no insurable interest in the lives of members of its board of directors who are not indebted to it, but very different is the situation in this case: Mr. Gainor, it appears from the record, possessed practical skill and knowledge of the business in which the corporation was engaged, he was its general manager, on whose life and the continuance of his life at the time the policy was taken out by him depended the success of the enterprise, a situation very different from that of an ordinary director who usually serves without compensation.

Suppose we are wrong as to our third proposition of law, namely, that the Glass Company's interest in the policy did not lapse when Gainor's interest in, and employment with the company ceased. Yet, if the policy taken out by Gainor on his own life was in good faith, and there is nothing shown to the contrary, he could dispose of the policy by sale or transfer in the absence of prohibitory legislature or contract stipulation. *Eckel* v. *Renner*, 41 Ohio St. 232.

The sale and transfer made by Gainor and his wife of the policy in this case, as evidenced by plaintiff's exhibit No. 2 attached to the bill of exceptions, divest both he and his wife of all interest in the policy. Under these conditions neither Gainor, at the time of his death, nor his executors or his wife have any interest in the policy or the fund which the Insurance Company has paid into court.

Without pursuing the discussion further, we are unanimously of the opinion that there is no error in the record of this case and the judgment is affirmed with costs, without penalty, costs to be paid out of the fund arising on the policy; exceptions are noted and the cause is remanded to the common pleas court for execution.

**Taggart** and **Donahue, JJ.**, concur