FREDERIKA CARMICHAEL v. THE NORTHWESTERN MUTUAL BENEFIT ASSOCIATION.

*Benefit associations—What "family" comprises.*

Comp. L. ch. 94, provides for the organization of mutual benefit associations, to secure "to the families or heirs of any member, upon his death, a certain sum of money." *Held*, that the term "family" will cover a case where the insured and the beneficiary were an old man and a young woman who were not related, but had lived for many years in the same household, and had treated each other as father and daughter.

Damages cannot be assessed by the Supreme Court in a case at law, but must be found by the court below; and, if not so found, or if the finding settles no basis of fact which will fix the amount, the Supreme Court has no means for entering judgment.

Error to Wayne. (Speed, J.) October 3.—October 17.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Keating & Dickerman* for appellant. "Family" means a collective body of persons living together within the curtilage: *Wilson v. Cochran* 31 Tex. 677; *Spencer v. Spencer* 11 Paige 159; natural affection is a sufficient basis for an insurable interest in another's life: *Phœnix Mut. L. Ins. Co. v. Bailey* 13 Wall. 616; *Loomis v. Eagle L. & H. Ins. Co.* 6 Gray 396; pecuniary interest in the life of the insured is not necessary: *Lord v. Dall* 12 Mass. 115; *Leonard v. Eagle Ins. Co.* 4 Liv. U. S. Law Mag. 286; it is enough if the contrary is true: *Trenton Mut. Ins. Co.*

*v. Johnson* 4 Zab. 576; *Hoyt v. N. Y. L. Ins. Co.* 3 Bosw. 440; *Miller v. Eagle Ins. Co.* 2 E. D. Smith 268.

*Ervin Palmer* for appellee.

GRAVES, C. J.    The defendant, a corporation under chapter 94 of the Compiled Laws, issued to Frederick Wagner, on the 26th of November, 1879, a certificate of insurance on his life in the sum of $2000, for the benefit of the plaintiff.    May 9, 1881, Wagner died, and on the 14th of June the defendant's secretary paid the plaintiff $300 of the insurance.    This payment was not authorized by the association.

At the time of the death of Wagner the association had 3472 members, and on the second day of August following it had 3259 certificates in force.    Soon after the payment of the $300, the case of *Mutual Benefit Association of Michigan v. Hoyt* 46 Mich. 473 was decided in this Court adversely to the claimant, and the defendant, assuming that the decision there was applicable to the claim of the plaintiff, refused to pay her, and she brought this action to obtain payment. The case was heard by the circuit judge without a jury, and he came to the conclusion that the contract was against public policy, and was not enforceable.    He evidently regarded *Hoyt's case* as directly in point.

There was no relationship by either blood or marriage between Wagner and the plaintiff.    She is, therefore, not an heir.    Were they of the same "family" within the meaning of the statute?    The case depends on this question. Unless they were, no recovery is possible.    The facts are that they resided under the same roof, and as constituents of the same social and domestic circle, from her early youth until his death, in old age, and when she had reached the age of 36 years.    He was never married, so far as appears, and had no other home, and there is no finding that any relatives remained to him.    He regarded the plaintiff very much as a daughter, and she treated him with much of the care which that relation would naturally call out.

These are the conspicuous facts reported by the judge on

this point. I forbear mentioning the changes in plaintiff's family. They do not alter the impression. Now this word "family," contained in the statute, is an expression of great flexibility. It is applied in many ways. It may mean the husband and wife having no children and living alone together, or it may mean children, or wife and children, or blood relatives, or any group constituting a distinct domestic or social body. It is often used to denote a small select corps attached to an army chief, and has even been extended to whole sects, as in the case of the Shakers.

We discover nothing in the statute implying a narrow sense, and we should not be inclined to attribute one where the result would cause injustice.

It seems to us that the circumstances constitute a case within the meaning of the Legislature.

In *Hoyt's case* the whole transaction was palpably colorable and fraudulent. A man already dying from dissipation was seized upon as a profitable subject for speculative insurance. His life, according to the ideas of insurance, was worth nothing. He was the merest clay in the hands of Hoyt. For a price the latter bargained with him to submit to insurance at Hoyt's expense and for Hoyt's benefit, and from the inception of the scheme to the death of the subject he was kept saturated with liquor. There was no relation by blood or marriage, and the only pretense of family connection was what was agreed upon at the very time in order to simulate a necessary condition.

Our examination of the records in the two actions enable us to emphasize the distinction between them. The cases are as far apart as good faith and deliberate fraud. We think the plaintiff ought to recover the proportion arising in her favor according to the contract, after deducting the payment of $300, but the means are wanting for the entry of such a judgment here. No amount is liquidated by the judge's finding, and there is no basis of fact settled by the finding to regulate and fix the amount. It is for the trial court to find the damages. This Court has no power to assess them.

The judgment must be reversed with the costs of both courts, and unless the parties agree, which they will no doubt do, there must be a new trial.

The other Justices concurred.