HOSMER *v.* WELCH.

1. LIFE INSURANCE—WAGER POLICY—PAYMENT—ACTION AGAINST BENEFICIARY—MUTUAL BENEFIT ASSOCIATIONS.

Where a life-insurance company sees fit to recognize the validity of a policy by payment to the beneficiary, an heir of the insured cannot maintain an action against such beneficiary to recover the money so paid, on the ground that the latter had no insurable interest in the life of the deceased, and that the policy was therefore void. Whether the rule is the same in a case where the beneficiary named in a mutual benefit certificate, though a legal beneficiary at common law, is not competent to take under the statute,—*quære*.

2. SAME—" HEIRS " OF INSURED—CONSTRUCTION OF STATUTE.
   The word "heirs," as used in a statute authorizing the is-
   suance of policies of insurance for the benefit of the "heirs"
   of the insured, has reference to those who would be entitled
   to the property of the insured if he should die intestate.

3. SAME—INSURABLE INTEREST.
   At the common law, a sister has an insurable interest in her
   brother's life.

4. SAME—FAMILY RELATIONS.
   One who separates from his wife without a divorce, and
   thereafter lives with a sister, paying no board and being cared.
   for by her as one of the family, may procure a valid policy
   upon his life for the benefit of the sister, in a company author
   ized by statute to issue policies of insurance payable to a
   member of the " family " of the insured.

Error to Wayne; Donovan, J. Submitted December
6, 1895. Decided December 17, 1895. Rehearing denied
May 26, 1896.

*Assumpsit* by Margaret Hosmer against Elizabeth E.
Welch to recover money received upon an insurance pol-
icy. From a judgment for plaintiff on verdict directed by
the court, defendant brings error. Reversed.

*Frank T. Lodge*, for appellant:

At common law, defendant was a legal beneficiary of the
deceased (1) because she was his sister (*Loomis* v. *Insur-
ance Co.*, 6 Gray, 396; *Lord* v. *Dall*, 12 Mass. 115; *Insur-
ance Co.* v. *France*, 94 U. S. 561; *Grattan* v. *Insurance Co.*,
15 Hun, 74; *Ireland* v. *Ireland*, 42 Hun. 212; *Insurance Co.*
v. *Kane*, 81 Pa. St. 154; *Watson* v. *Life Association*, 21 Fed.
698; *Assurance Society* v. *Paterson*, 41 Ga. 338; *Chisholm* v.
*Insurance Co.*, 52 Mo. 213; *Aid Association* v. *Houghton*, 103
Ind. 286); (2) because they were members of the same fam-
ily (*Carmichael* v. *Benefit Association*, 51 Mich. 494; *Folmer's
Appeal*, 87 Pa. St. 133; *Carpenter* v. *Insurance Co.*, 161 Pa.
St. 9; *Wilson* v. *Cochran*, 31 Tex. 677); (3) because the
policy was a *bona fide* and not a wager policy (*Aid Associa-
tion* v. *Houghton*, 98 Ind. 149, 103 Ind. 286; *Miner* v. *Benefit
Association*, 63 Mich. 338; *Warner* v. *Life Association*, 100
Mich. 157; *Insurance Co.* v. *Schaefer*, 94 U. S. 460; *Insur-
ance Co.* v. *France*, Id. 564; *Warnock* v. *Davis*, 104 U. S.

775; *Clark* v. *Allen*, 11 R. I. 443; *Fitzpatrick* v. *Insurance Co.*, 56 Conn. 116; *Valton* v. *Assurance Co.*, 20 N. Y. 38; *Rawls* v. *Insurance Co.*, 27 N. Y. 282; *Batdorf* v. *Fehler*, 9 Atl. 468); (4) because the deceased had the vested right to name his beneficiary (*Mutual Association* v. *Montgomery*, 70 Mich. 587; *Wolf* v. *Grand Lodge*, 102 Mich. 23; *Lemon* v. *Insurance Co.*, 38 Conn. 294; *Fitzpatrick* v. *Insurance Co.*, 56 Conn. 116; *Clark* v. *Allen*, 11 R. I. 439; *Valton* v. *Assurance Co.*, 20 N. Y. 32; *Rawls* v. *Insurance Co.*, 27 N. Y. 282; *Insurance Co.* v. *France*, 94 U. S. 561; *Lamont* v. *Grand Lodge*, 31 Fed. 177; *Brown* v. *Grand Lodge*, 80 Iowa, 287; *Barton* v. *Relief Association*, 63 N. H. 535; *Cunningham* v. *Smith*, 70 Pa. St. 450; *Folmer's Appeal*, 87 Pa. St. 133); (5) because he voluntarily selected the defendant as such beneficiary (*Lamont* v. *Grand Lodge*, 31 Fed. 177; *Lemon* v. *Insurance Co.*, 38 Conn. 294; *Heinlein* v. *Insurance Co.*, 101 Mich. 250; *Cunningham* v. *Smith*, 70 Pa. St. 450; *Scott* v. *Dickson*, 108 Pa. St. 15; *Maneely* v. *Knights of Birmingham*, 115 Pa. St. 305; *Carpenter* v. *Insurance Co.*, 161 Pa. St. 9; *Supreme Lodge* v. *Martin*, 13 Wkly. Notes Cas. 160; *Supplee* v. *Knights of Birmingham*, 18 Wkly. Notes Cas. 280; *Amick* v. *Butler*, 111 Ind. 578; *Tucker* v. *Mutual Life Co.*, 50 Hun, 54; *Massey* v. *Relief Society*, 102 N. Y. 523); (6) because, after his death, defendant's rights vested (*Mutual Association* v. *Montgomery*, 70 Mich. 587; *Benefit Association* v. *Rolfe*, 76 Mich. 153; *Ireland* v. *Ireland*, 42 Hun, 212; *Brown* v. *Grand Lodge*, 80 Iowa, 287; *Benefit Society* v. *Burkhart*, 110 Ind. 189; *Amick* v. *Butler*, 111 Ind. 578); (7) because the association has paid over the money to her (*Worthington* v. *Curtis*, 1 Ch. Div. 419); and neither the charter nor the by-laws of the association changed the common law in this respect, but, on the contrary, they ratified and confirmed it (*Carmichael* v. *Benefit Association*, 51 Mich. 494; *Benefit Association* v. *Rolfe*, 76 Mich. 146; *Mutual Association* v. *Montgomery*, 70 Mich. 587).

*Keena & Lightner*, for appellee:

Unless appellant is a proper beneficiary under the statute, it makes no difference what rights she might have had at common law, or in case this had been an ordinary life-insurance policy. Nib. Mut. Ben. Soc. ( 2d Ed. ) § 158, and cases cited; *Silvers* v. *Benefit Association*, 94 Mich. 46. But, at common law, a sister has no insurable interest in the life of her brother unless she is dependent upon him. Cook,

Life Ins. § 61; Nib. Mut. Ben. Soc. (2d Ed.) § 195; *Lewis* v. *Insurance Co.*, 39 Conn. 104; *Stambaugh* v. *Blake*, 22 Wkly. Notes Cas. 407, 15 Atl. 705; *Burton* v. *Insurance Co.*, 119 Ind. 207.

The class of beneficiaries permitted by the statute under which an association is incorporated cannot be enlarged by the association, even with the consent of the member. 16 Am. & Eng. Enc. Law, 48; Nib. Mut. Ben. Soc. (2d Ed.) § 158; *Supreme Lodge* v. *Nairn*, 60 Mich. 50; *Benefit Association* v. *Rolfe*, 76 Mich. 146; *Wolf* v. *Grand Lodge*, 102 Mich. 34; *Legion of Honor* v. *Smith*, 45 N. J. Eq. 470; *DiMessiah* v. *Gern*, 30 N. Y. Supp. 824.

Defendant was not an heir of the deceased, within the meaning of the statute (Nib. Mut. Ben. Soc. [2d Ed.] §§ 189, 190; *Silvers* v. *Benefit Association*, 94 Mich. 46; *Hanna* v. *Hanna*, 30 S. W. 820); nor was she a member of his family (Nib. Mut. Ben. Soc. [2d Ed.] §§ 194, 231; *Benefit Association* v. *Hoyt*, 46 Mich. 473; *Carmichael* v. *Benefit Association*, 51 Mich. 494; *Supreme Lodge* v. *Nairn*, 60 Mich. 44; *Hanna* v. *Hanna*, 30 S. W. 820; *Legion of Honor* v. *Smith*, 45 N. J. Eq. 470; *Keener* v. *Grand Lodge*, 38 Mo. App. 543).

Defendant not being a proper beneficiary, plaintiff is entitled to recover the fund. 16 Am. & Eng. Enc. Law, 48, 49, 62; Nib. Mut. Ben. Soc. (2d Ed.) §§ 158, 162, 176, 177, 195, 348; *Supreme Lodge* v. *Nairn*, 60 Mich. 53; *Benefit Association* v. *Rolfe*, 76 Mich. 151; *Lyons* v. *Yerex*, 100 Mich. 214; *Wolf* v. *Grand Lodge*, 102 Mich. 34; *Maybury* v. *Berkery*, 102 Mich. 126; *Legion of Honor* v. *Perry*, 140 Mass. 590; *Daniels* v. *Pratt*, 143 Mass. 216; *Rindge* v. *Mutual Aid Society*, 146 Mass. 286; *Sargent* v. *Supreme Lodge*, 158 Mass. 563; *Clarke* v. *Schwarzenberg*, 162 Mass. 98; *Britton* v. *Royal Arcanum*, 46 N. J. Eq. 109; *Bolton* v. *Bolton*, 73 Me. 299; *Hanna* v. *Hanna*, 30 S. W. 820; *Keener* v. *Grand Lodge*, 38 Mo. App. 553; *Herkimer* v. *Rice*, 27 N. Y. 163; *DiMessiah* v. *Gern*, 30 N. Y. Supp. 824; *Gilbert* v. *Moose*, 104 Pa. St. 74; *Wendt* v. *Legion of Honor*, 72 Iowa, 686.

GRANT, J. Plaintiff is the widow, and defendant the sister, of George F. Hosmer, deceased. Plaintiff and Mr. Hosmer were married in 1860. They separated a few years after that, but were never divorced. For several years prior to the death of Mr. Hosmer, he made his home with the defendant. In May, 1892, he secured a pol-

icy of insurance in a fraternal association known as the "United Friends of Michigan," organized under Act No. 104, Pub. Acts 1869 (1 How. Stat. § 3949 *et seq.*). The policy was made payable, as requested in his application, equally to the defendant and a nephew. The insurance company recognized the validity of the insurance contract, and paid the money, $1,000 to the defendant, and $1,000 to the nephew. Plaintiff now sues the defendant to recover the $1,000, on the ground that she was not a proper beneficiary, and that as to her and the nephew the policy was void, and that she (the plaintiff), as one of the heirs at law of Mr. Hosmer, was entitled to recover it.

If it be granted that this policy was void under the statutes of Michigan, the plaintiff is not entitled to the money. The policy was not in fact secured for her benefit. The insurance company has seen fit to recognize it as valid, and to pay it to the beneficiaries. Other parties have no interest in the matter. *Smith* v. *Pinch*, 80 Mich. 335; *Standard, etc., Ins. Co.* v. *Catlin*, 106 Mich. 138.

Judgment reversed, and no new trial ordered.

The other Justices concurred.

---

## ON APPLICATION FOR REHEARING.

GRANT, J. A rehearing is asked upon the ground that this was not a wager policy, and that, therefore, the cases cited in the former opinion do not apply.

It is true that Mrs. Welch was not a legal heir upon the death of Mr. Hosmer, since he left surviving a widow and child, who, under our laws of descent, were his sole legal heirs and entitled to his property. The statute[1] authorized the United Friends of Michigan to issue policies of insurance, and authorized the insured to name the

---

[1] 1 How. Stat. § 3949.

beneficiary, who might be one of his family or heirs. The plaintiff and Mr. Hosmer were married in 1860. They lived together as husband and wife about 2½ years, and constituted a family. Meanwhile they had one child. They then separated, and from that time on did not occupy the family relation. Why they separated, and he left her, and went away from his home, does not appear. All evidence on this point was excluded by the court, which directed a verdict for the plaintiff upon the ground that the defendant was not a beneficiary recognized by the law and by the articles of association. It is conceded that this was not a wager policy. At the common law the defendant had an insurable interest in her brother's life. After Mr. Hosmer separated from his wife, their family relations were broken off, and never after resumed. For many years prior to the issuance of this policy he made his home with his sister. He paid no board. She nursed him in sickness, and took care of him as a brother and member of the family. Were it not for the fact that he was married, no question could arise. Does it follow that he could not acquire family relations, and become a member of his sister's family, notwithstanding the fact of marriage? If husband and wife separate by mutual consent, or if either leaves the home and the family relation through the misconduct of the other, may not either enter into family relations with a brother, a sister, or son or daughter, though there be no divorce? The term "family" is elastic, and will be liberally construed. It is not confined to a husband and wife and their children. *Carmichael* v. *Benefit Association*, 51 Mich. 494; *Folmer's Appeal*, 87 Pa. St. 133. See, also, *Wilson* v. *Cochran*, 31 Tex. 677. This is not the case of *Supreme Lodge* v. *Nairn*, 60 Mich. 44, where the beneficiary was not a relative, but only an intimate friend; nor the case of *Keener* v. *Grand Lodge*, 38 Mo. App. 543, where the beneficiary was the mistress of the insured, and lived with him in an "unlawful, illicit, and licentious

way." It is evident that Mr. Hosmer did not intend to make any contract with this benefit association for the benefit of his wife, and that he would not have taken it out for that purpose. He undoubtedly felt under moral obligation, and was bound by the ties of kinship, to his sister. Both he and the association recognized this relationship, and as well the family relation, without which the policy would not have been issued. We think the family relation existed, and that the defendant was a proper beneficiary. She not only took care of him before, but after, the issuance of the policy. She had nothing to do with procuring it. She took care of him in his last sickness, paid his funeral expenses, and, in accordance with his last request, took his body to Cleveland, Ohio, and buried it beside those of his father and mother.

We may, in the former case, have given a wrong reason for a right conclusion, and have therefore given this further reason upon this motion.

Rehearing denied.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred.