HOLMBERG *v.* CLEVELAND-CLIFFS IRON CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — "FAMILY" DEFINED.

As employed in the workmen's compensation act, the term "family" carries its ordinary or primary sense, and signifies two or more persons living in one house, under one head or manager, and brought together by blood relationship, or in recognition of a moral duty to support.

2. SAME—DEPENDENT—MEMBER OF FAMILY.

Where plaintiff's husband deserted her and her children, and, in response to her appeal for help, her cousin, a single man, came to live in the home and became its head, turning over to her his pay checks, and they worked together for their common comfort in such home life, rearing the children to maturity, and said relations continued for 27 years, to the day of his death, *held,* that deceased made plaintiff's family his family although they did not live together as husband and wife, and that she was a dependent within the meaning of the workmen's compensation act (2 Comp. Laws 1915, § 5436), entitling her to compensation thereunder for his accidental death.

Certiorari to Department of Labor and Industry. Submitted June 16, 1922. (Docket No. 24.) Decided July 20, 1922.

Matilda Holmberg presented her claim for compensation as a dependent of Alfred Franzen, deceased, against the Cleveland-Cliffs Iron Company for the accidental death of decedent in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Berg, Clancey & Randall,* for appellant.

*A. W. Jurma,* for appellee.

On "dependency" within workmen's compensation act, in general, see note in 13 A. L. R. 686.

WIEST, J.   In March, 1893, plaintiff's husband deserted, leaving her with four small children and pregnant with child, and so destitute that she had to apply to the county for aid.   Plaintiff has not since heard from her husband.   Soon after her husband deserted her she resumed her maiden name of Holmberg, keeping, however, the prefix of Mrs.   She lived near the city of Negaunee on a half-acre place, and, having no financial means, she appealed, in the fall of 1894, to Alfred Franzen, her first cousin, a single man, to come to her aid.   Mr. Franzen responded and made plaintiff's home his home, became the breadwinner for the whole family, helped her rear the five children to maturity and maintained a home with plaintiff until his death in September, 1921. Mr. Franzen turned his pay checks over to plaintiff and she used the money to provide for the family, placing the surplus money in the bank in their joint names.   In 1911 the half-acre place was sold for $500, and she used $200 for the needs of the children and $300 was invested in a farm purchased by Mr. Franzen in his own name.   In 1920 the farm was sold and a place purchased in their joint names in the city of Negaunee, where they were living at the time of his death.   In 1905 there was some talk between the plaintiff and Franzen about marriage, but it was found the law forbid intermarriage of first cousins and besides, she had not been divorced and it was not known whether her husband was living or dead.   In May, 1905, Mr. Franzen made his will leaving all of his estate to plaintiff.

September 8, 1921, Mr. Franzen, while in the employ of defendant, was accidentally killed and plaintiff made claim for compensation under the workmen's compensation law, as a dependent member of his family, and her claim was recognized as within the

law and allowed. Defendant brings the case here by writ of certiorari, claiming plaintiff was not a dependent member of Mr. Franzen's family within the meaning of the statute, and she should not have been allowed compensation.

The statute, 2 Comp. Laws 1915, § 5436, provides:

"No person shall be considered a dependent, unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, or lineal descendant, or ancestor, or brother, or sister."

Counsel for defendant insist that the relation between plaintiff and Franzen was at all times contractual and plaintiff was but a housekeeper. We think this too narrow a view of the testimony, and wholly inconsistent with the demonstrated purpose of Mr. Franzen. It is true Mr. Franzen was under no legal obligation to make a home for plaintiff; his moral obligation, however, to do so rested with him to determine, and the evidence discloses that he assumed such duty in a most comprehensive and worthy manner and carried the burden to the day of his death. He not only made it possible for plaintiff and her children to have a home and their needs supplied, but as well established a family circle with himself at the head, and when the children departed from the rooftree he continued to maintain the family relation for the comfort, security and society it afforded him as well as plaintiff. Not only that, but in recognition of the dependence of plaintiff and her assistance in maintaining his home and his solicitude about her future, he purchased their last home in their joint names and by will left her his whole estate. The acts of the parties for 27 years negative a mere contractual relationship, and show a home and family relationship founded and maintained because of helplessness on her part and a recognition thereof by him, and of

the call of their common blood to his sense of moral obligation.

Was plaintiff a dependent member of Mr. Franzen's family at the time of his death?   This court has had occasion, in insurance cases, to define the meaning of the term "member of the family," and has adopted the liberal view thereon.   *Carmichael* v. *Benefit Ass'n*, 51 Mich. 494.

In *Hosmer* v. *Welch*, 107 Mich. 470, it was stated:

"The term 'family' is elastic, and will be liberally construed.   It is not confined to a husband and wife and their children."

See, also, 1 Bacon's Life and Accident Insurance (4th Ed.), § 336.

As employed in the statute the term "family" carries its ordinary or primary sense and signifies two or more persons living in one house, under one head or manager, and brought together by blood relationship, or in recognition of a moral duty to support.   See 25 C. J. pp. 664, 665.   The statute contemplates the existence of dependency beyond that of mere response to legal duty.   Before Mr. Franzen went to her aid plaintiff and her children constituted a family.   When Mr. Franzen entered such home he became the head of that family; he made such family his family, so far as he could, by living in the home and assuming and performing the obligation of maintaining the domestic body.   When the children left the home the family continued, with Mr. Franzen and plaintiff as the members thereof.   We hold that, their blood relationship; his recognition and acceptance of the moral duty to provide her with a home; the devotion of his earnings for over a quarter of a century to their needs in the home; the negation of any sordid motive on the part of either; their joint efforts and labors for their common comfort in such home life; their community management of financial matters and his

provision for her needs for 27 years, constituted her, in fact, and under the statute, a dependent member of his family at the time of his death.

The award is affirmed, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.