WEST v BARTON-MALOW COMPANY

Docket No. 55404. Argued November 8, 1974 (Calendar No. 18).—
Decided June 24, 1975. Rehearing denied 395 Mich 902.

Clarence West died as a result of injuries sustained in the course
of his employment with Barton-Malow Company. For 13 years
preceding his death, Clarence and plaintiff, Alzalee West, re-
sided together and during this time plaintiff held herself out as
the wife of West and depended on him for her sole support.
However, plaintiff remained legally married to another man as
a result of a marriage that took place in Texas in 1943.
Plaintiff's claim for dependent's death benefits under the Work-
men's Compensation Act was denied. The Court of Appeals,
Lesinski, C. J., and R. B. Burns and Quinn, JJ., affirmed
(Docket No. 15850). Plaintiff appeals. *Held:*

1. The Legislature did not intend to establish a strict defini-
tion of an eligible dependent in the Workmen's Compensation
Act, MCLA 412.6; MSA 17.156; instead, the Legislature em-
ployed words with expansive meanings and intended to allow
the administrative agency and the courts to interpret that
section of the Workmen's Compensation Act in light of the
individual factual situations that would arise.

2. Plaintiff was totally dependent upon Clarence West for her
support and she fits within the statutory definition of an
eligible dependent; therefore, she is entitled to dependent's
death benefits.

J. W. Fitzgerald and M. S. Coleman, JJ., dissented on the
ground that public policy will not sustain an interpretation of
the statute that allows a woman legally married to one man to
be a member of another man's "family".

Reversed and remanded.

50 Mich App 492; 213 NW2d 591 (1973) reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 58 Am Jur, Workmen's Compensation §§ 172, 173.
"Dependency" within Workmen's Compensation Acts. 100 ALR
1090.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—DEPENDENTS—DEATH—HUSBAND AND WIFE—MERETRICIOUS COHABITATION.

A claim for dependent's death benefits under the Workmen's Compensation Act was not barred by the public policy that the payment of compensation arising out of meretricious cohabitation is not sanctioned where plaintiff, although remaining legally married to another man as a result of a marriage that took place in Texas in 1943, had a long and continuing relationship with the deceased workman and they treated each other and held themselves out to the public as husband and wife; such a relationship is not meretricious (MCLA 412.6).

2. WORKMEN'S COMPENSATION—DEPENDENTS—STATUTES—CONSTRUCTION.

The Legislature did not intend to establish a strict definition of an eligible dependent in the Workmen's Compensation Act provision for dependent's death benefits; instead, the Legislature employed words with expansive meanings and intended to allow the administrative agency and the courts to interpret the statute in the light of the individual factual situations that would arise (MCLA 412.6).

3. WORKMEN'S COMPENSATION—DEPENDENTS—STATUTES—CONSTRUCTION.

The particular facts presented have been reviewed in light of the purpose of the Workmen's Compensation Act provision for dependent's death benefits and it has been interpreted so as to avoid the harsh consequences that would result from a strict construction; it is best to proceed in this manner in an effort to achieve the recognized purposes that the act was designed to serve (MCLA 412.6).

4. WORKMEN'S COMPENSATION—DEPENDENTS—DEATH.

Plaintiff, a woman not legally married to a deceased workman, was an eligible dependent for workmen's compensation death benefits where she was totally dependent upon the deceased for her support, she bore to deceased the relationship of wife for years preceding his death, she was responsible for maintaining their household while deceased undertook the responsibility for furnishing them both with monetary support, in name and in outward appearance plaintiff and deceased were husband and wife, and there was no evidence that would indicate that the propriety of their relationship was ever questioned by anyone except the compensation carrier (MCLA 412.6).

DISSENTING OPINION

M. S. COLEMAN and J. W. FITZGERALD, JJ.

5. WORKMEN'S COMPENSATION—STATUTES—PUBLIC POLICY—"FAMILY".

*Public policy will not sustain a strained interpretation of the Workmen's Compensation Act whereby a woman legally married to one man is entitled to workmen's compensation benefits attributable to the death of another man as a member to that man's "family" (MCLA 412.6).*

6. MARRIAGE—STATUTES—PUBLIC POLICY.

*Marriage to another while a former marriage is legally valid is prohibited by statute, and such marriages, even if solemnized, are void (MCLA 551.5, 552.1).*

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will)*, for plaintiff.

*LeVasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp)*, for defendants.

PER CURIAM. The Appeal Board and the Court of Appeals erred in summarily relying upon *McDonald v Kelly Coal Co,* 335 Mich 325; 55 NW2d 851 (1952), to deny plaintiff dependent's death benefits. *McDonald* is readily distinguishable from the instant case. A review of the particular facts in this case reveals that plaintiff was a dependent of the deceased within the meaning of Part II, § 6 of the Workmen's Act.[1]

On January 9, 1967, Clarence West died as a result of injuries sustained in the course of his employment with Barton-Malow Construction Company. Plaintiff, Alzalee West, made claim for dependent's death benefits under the Workmen's Compensation Act.

For the 13 years preceding the death of Clarence West he and plaintiff resided together in the City

[1] Formerly MCLA 412.6; MSA 17.156; now recodified in MCLA 418.331; MSA 17.237(331).

of Detroit. During this time plaintiff held herself out as the wife of West and depended on him for her sole support. From the record there is no reason to doubt that West likewise considered plaintiff to be his wife. He depended on her to manage his household affairs and shared the wages he earned with her. A legal dispute arose in this case, however, because plaintiff and West were not formally wed, plaintiff remaining legally married to another man as a result of a short-lived marriage that took place in Texas in 1943.

Without elaborating on their specific rationales, both the Appeal Board and the Court of Appeals summarily concluded that *McDonald* barred Alzalee West's claim for relief.[2]

*McDonald v Kelly Coal Co, supra,* does not control the resolution of this action. In *McDonald* the claimants were a mother and her children who had been living with Milton McDonald for less than a year at the time of his death. In construing Part II, § 6, the Court offered the following:

"We are of the opinion that in order to create a family relationship there must exist a condition devoid of moral turpitude. In the case at bar, the responsibility for the support of the 2 children rests upon their mother and father. Deceased had no such obligation. The tie that bound the children to deceased was the illicit relationship between their mother and deceased. Public policy does not sanction the payment of compensation arising out of meretricious cohabitation. We hold that plaintiffs were not members of deceased's family

[2] The Appeal Board also relied on the case of *Gates v General Motors,* 349 Mich 286; 84 NW2d 482 (1957). We find that a complete discussion of *Gates* is not required due to its factual and legal dissimilarities to the present case. In *Gates* an injured workman applied for augmentation of his compensation amount based on a claim that his two illegitimate children were his dependents within the meaning of the statute. The Court allowed compensation for the children and did not address any other issues.

within the meaning of the compensation act." 335 Mich 325, 330.

The Court in *McDonald* was confronted with a relationship of short duration based on "meretricious cohabitation". In contrast, the facts of the present case reveal a long and continuing relationship with deceased and plaintiff treating each other, and holding themselves out to the public, as husband and wife. Plaintiff did secure an attorney in 1965 to commence divorce proceedings but no formal action had resulted by the date of the claim due to financial difficulties. A final judgment of divorce was obtained on June 2, 1967. If we read meretricious as the dictionary defines it—the relationship of a prostitute or a woman given to indiscriminate lewdness—we find no support whatsoever in the record for describing the relationship that existed between deceased and plaintiff as one based on meretricious cohabitation.

A proper resolution of this case demands that plaintiff's status be examined in terms of the words of, and the legislative purpose underlying, Part II, § 6. In relevant part that section provides:

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury. Where a deceased employee leaves a person wholly dependent upon him or her for support, said person shall be entitled to the whole death benefit. * * * *No person shall be considered a dependent unless he or she is a member of the family of the deceased employee,* or unless such person bears to said deceased employee the relation of husband or widow, or lineal descendant, or ancestor, or brother or sister." (Emphasis supplied.)

From a reading of the words of the statute it is evident that the Legislature did not intend to

establish a strict definition of an eligible dependent. Instead, the Legislature employed words with expansive meanings and intended, we believe, to allow the administrative agency and the courts to interpret the statute in light of the individual factual situations that would arise.

An example of this type of construction that reflects the expansive nature of the words of Part II, § 6 is found in the case of *Holmberg v Cleveland-Cliffs Iron Co,* 219 Mich 204; 189 NW 26 (1922). In *Holmberg* this Court affirmed an award of dependent death benefits ruling that Mrs. Holmberg was a "dependent member" of her cousin's "family" because her cousin had provided monetary support to Mrs. Holmberg after her husband had abandoned her. The Court wrote:

"Was plaintiff a dependent member of Mr. Franzen's family at the time of his death? This court has had occasion, in insurance cases, to define the meaning of the term 'member of the family,' and has adopted the liberal view thereon. *Carmichael v. Benefit Ass'n,* 51 Mich. 494 [1883].

"In *Hosmer v. Welch,* 107 Mich. 470 [1895], it was stated:

" 'The term "family" is elastic, and will be liberally construed. It is not confined to a husband and wife and their children.'

\* \* \*

"As employed in the statute the term 'family' carries its ordinary or primary sense and signifies two or more persons living in one house, under one head or manager, and brought together by blood relationship, or in recognition of a moral duty to support. See 25 C.J. pp. 664, 665. The statute contemplates the existence of dependency beyond that of mere response to legal duty. Before Mr. Franzen went to her aid plaintiff and her children constituted a family. When Mr. Franzen entered such home he became the head of that family; he made such family his family, so far as he could, by

living in the home and assuming and performing the obligation of maintaining the domestic body. When the children left the home the family continued, with Mr. Franzen and plaintiff as the members thereof. We hold that, their blood relationship; his recognition and acceptance of the moral duty to provide her with a home; the devotion of his earnings for over a quarter of a century to their needs in the home; the negation of any sordid motive on the part of either; their joint efforts and labors for their common comfort in such home life; their community management of financial matters and his provision for her needs for 27 years, constituted her, in fact, and under the statute, a dependent member of his family at the time of his death." 219 Mich 204, 207–208.

The Court in *Holmberg* construed the words of Part II, § 6, to reach a reasonable and just result. It reviewed the particular facts presented in light of the purpose of the statute and has interpreted it so as to avoid the harsh consequences that would result from a strict construction. We believe that it is best to proceed in this manner in an effort to achieve the recognized purposes that the Workmen's Compensation Act was designed to serve.

Turning to the facts of the case before us today, we are of the opinion that plaintiff is also an eligible dependent. Factually, plaintiff was totally dependent upon Clarence West for her support. Legally, we find that plaintiff fits within the scope of the statutory definition of an eligible dependent. She was, it is true, not legally married to deceased; however, the record indicates without contention that she did bear to Clarence West the relationship of a wife for the 13 years preceding his untimely death. During those years plaintiff was responsible for maintaining their household while deceased undertook the responsibility for furnishing them both with monetary support. In name and in outward appearance plaintiff and deceased

were Mr. and Mrs. West.[3] From our reading of the record there is no evidence that would indicate that the propriety of their relationship was ever questioned by anyone except the compensation carrier herein.

In finding plaintiff to be an eligible dependent, it is not our intention to reduce by any degree the importance of the formalities surrounding marriage. Our concern rather is to effectuate the purpose of Part II, § 6 of the Workmen's Compensation Act.

The Court of Appeals is reversed and this case remanded to the Workmen's Compensation Appeal Board for the entry of an order in conformity with today's opinion.

Costs to appellant.

T. G. KAVANAGH, C. J., and WILLIAMS and LEVIN, JJ., concurred.

J. W. FITZGERALD, J. *(dissenting)*. In this case the majority finds that a woman legally married to one man is entitled to workmen's compensation benefits attributable to the death of another man as a member of that man's "family" under MCLA 412.6; MSA 17.156. We are of the opinion that the public policy of this state will not sustain such strained interpretation.

Marriage to another while a former marriage is legally valid is prohibited by MCLA 551.5; MSA 25.5. Such marriages, even if solemnized, are de-

---

[3] Plaintiff's actions also negate any inference that she intended to look to her first husband for support or to possibly claim any benefits that would flow to her as his legal wife. She commenced divorce proceedings against him while West was alive, but due to economic difficulties did not complete them before West died. Thereafter she did complete the divorce and consequently terminated any arguable claim that she might have had to her first husband's resources and future benefits.

clared to be void by MCLA 552.1; MSA 25.81. Plaintiff's deceased cohabiter had no legal obligation to support plaintiff. That plaintiff be "family" under the Workmen's Compensation Act is, in this state, a legal impossibility. Accord: general rule stated at 58 Am Jur, Workmen's Compensation, § 172, p 691. *Cf. McDonald v Kelly Coal Co,* 335 Mich 325; 55 NW2d 851 (1952).

We cannot presage the impact of this decision upon the laws of this state, or other consequences which may flow from the Court's decision today. Suffice it to say, the decision represents a departure from legislatively established public policy which we cannot endorse.

M. S. COLEMAN, J., concurred with J. W. FITZGERALD, J.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.