JACOBS v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 49530. Submitted November 4, 1980, at Grand Rapids.—
Decided February 23, 1981.

Beverly Jacobs brought an action for survivor's benefits under the
no-fault insurance act in Berrièn Circuit Court, contending that
she and Kenneth Bennett lived together as man and wife, that
he was killed in a collision between a truck and a train and
that he had been insured under a no-fault automobile insur-
ance policy issued by defendant, Michigan Mutual Insurance
Company. Defendant moved for summary judgment on the
ground that plaintiff did not qualify as a dependent under the
terms of the no-fault act because plaintiff and the decedent had
never gone through a ceremonial marriage. The motion was
granted and judgment entered accordingly, Chester J. Byrns, J.
Plaintiff appeals, contending that although she and Bennett
never went through a ceremonial marriage, she was his "wife"
as the term is used in the act and is therefore entitled to
benefits as his wife. *Held:*

No Michigan authority gives "wife" the expansive meaning
for which plaintiff argues. In the construction of Michigan
statutes, words and phrases are understood according to com-
mon and approved usage. A "wife" is commonly defined as a
woman married to a man. Consent alone has not been enough
to effectuate a marriage in Michigan since January 1, 1957.
Because plaintiff has not claimed that she and Bennett con-
tracted to live together before January 1, 1957, she does not
qualify as his wife and is not, therefore, entitled to benefits.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — AFFIDAVITS —
COURT RULES.

A motion for summary judgment on the ground that there is no

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 18.
Sufficiency of showing, under Rule 56(f) of Federal Rules of Civil
Procedure, of inability to present by affidavit facts justifying
opposition to motion for summary judgment. 47 ALR Fed 206.

[2] 73 Am Jur 2d, Statutes § 206.

[3] 52 Am Jur 2d, Marriage § 27.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law may properly be supported by an affidavit from the moving party's attorney where the affidavit is based on the attorney's personal knowledge (GCR 1963, 117.2[3]).

2. STATUTES — JUDICIAL CONSTRUCTION — WORDS AND PHRASES.
Words and phrases are given their common and approved usage whenever Michigan statutes are being construed (MCL 8.3a; MSA 2.212[1]).

3. HUSBAND AND WIFE — MARRIAGE — CONSENT — STATUTES.
Consent alone is not enough to effectuate a marriage in Michigan (MCL 551.2; MSA 25.2).

*Seymour, Seymour, Conybeare & Straub* (by *Douglas C. Allen*), for plaintiff.

*Lilly & Domeny, P.C.* (by *Sally Zack Wheeler*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and R. C. HOTCHKISS,* JJ.

PER CURIAM. This was an action for survivor's benefits under the no-fault insurance act, MCL 500.3108; MSA 24.13108. In her complaint, plaintiff alleged that she and Kenneth Bennett lived together as husband and wife, that Bennett was killed in a truck/train collision in Detroit, Michigan, and that Bennett had been insured under a no-fault automobile insurance policy issued by defendant. A request for admissions filed by defendant pursuant to GCR 1963, 312.1 revealed that plaintiff and Kenneth Bennett had never gone through a ceremonial marriage.

Defendant moved for summary judgment pursuant to GCR 1963, 117.2(1) and/or 117.2(3). The trial judge held that plaintiff did not qualify as a

* Circuit judge, sitting on the Court of Appeals by assignment.

dependent under MCL 500.3110; MSA 24.13110 and granted the motion. We elect to treat the trial court's ruling as a grant of summary judgment under GCR 1963, 117.2(3) based on a holding that there was no genuine issue as to any material fact, and that defendant was entitled to judgment as a matter of law. Defendant's motion was accompanied by an affidavit from defendant's attorney, a practice that is condemned in certain instances. Here, however, such an affidavit was proper because it was based on the attorney's personal knowledge. Compare *Witucke v Presque Isle Bank*, 68 Mich App 599, 604, fn 2; 243 NW2d 907 (1976). If the trial court's holding on the underlying question of statutory interpretation was correct, then a grant of summary judgment based on the affidavit and plaintiff's admissions was proper.

MCL 500.3110; MSA 24.13110 provides in relevant part:

"(1) The following persons are conclusively presumed to be dependents of a deceased person:

"(a) A wife is dependent on a husband with whom she lives at the time of his death.

"(b) A husband is dependent on a wife with whom he lives at the time of her death.

"(c) A child while under the age of 18 years, or over that age but physically or mentally incapacitated from earning, is dependent on the parent with whom he lives or from whom he receives support regularly at the time of the death of the parent.

"(2) In all other cases, questions of dependency and the extent of dependency shall be determined in accordance with the facts as they exist at the time of death.

"(3) The dependency of a surviving spouse terminates upon death or remarriage. The dependency of any other person terminates upon the death of the person and continues only so long as the person is under the age of 18 years, physically or mentally incapacitated from

earning, or engaged full time in a formal program of academic or vocational education or training."

In plaintiff's brief on appeal, she admits that she does not qualify as a dependent under subsections (2) and (3). Her contention is that, despite never having gone through a ceremonial marriage with Bennett, she was his "wife" as the term is used in subsection (1)(a). In support of this contention, plaintiff has referred us to *West v Barton-Malow Co,* 394 Mich 334; 230 NW2d 545 (1975), and *State Farm Mutual Automobile Ins Co v Traycik (After Remand),* 86 Mich App 285; 272 NW2d 629 (1978). The *West* case involved a provision of the Worker's Disability Compensation Act which provided that "[n]o person shall be considered a dependent unless he or she is a member of the family of the deceased employee". The Court said, at 394 Mich 338-339; 230 NW2d 547:

"From a reading of the words of the statute it is evident that the Legislature did not intend to establish a strict definition of an eligible dependent. Instead, the Legislature employed words with expansive meanings and intended, we believe, to allow the administrative agency and the courts to interpret the statute in light of the individual factual situations that would arise."

"Family" has long been given an expansive meaning by Michigan courts. See *Holmberg v Cleveland-Cliffs Iron Co,* 219 Mich 204; 189 NW 26 (1922), and *Boston-Edison Protective Ass'n v The Paulist Fathers, Inc,* 306 Mich 253; 10 NW2d 847 (1943). In contrast, no Michigan authority gives "wife" the expansive meaning for which plaintiff argues. Plaintiff's reliance on the *Traycik* case, which involved an insurance policy provision excluding coverage for "any member of the family of

the insured residing in the same household as the insured", is similarly misplaced.

In the construction of Michigan statutes, words and phrases are understood according to common and approved usage. MCL 8.3a; MSA 2.212(1). *The American Heritage Dictionary of the English Language* (New College Edition, 1976) defines "wife" as "a woman married to a man". In Michigan, consent alone has not been enough to effectuate a marriage since January 1, 1957. See MCL 551.2; MSA 25.2. We note that plaintiff does not claim that she and Bennett contracted to live together before that date. Plaintiff was not Bennett's "wife" according to the common and approved usage of that word.

Affirmed. Costs to defendant.