KELLY v ZURICH INSURANCE COMPANY

Docket No. 62473. Submitted October 14, 1982, at Escanaba.—Decided
December 7, 1982.

Jonathan H. Kelly was injured when struck by an automobile
insured by Zurich Insurance Company. At the time of the
accident, Jonathan's mother, Mary Kelly, and Jonathan were
living with Stephen Merli. Merli is not legally married to Mary
Kelly but is the father of two of Mary Kelly's children, al-
though not the father of Jonathan. Merli is insured under an
automobile no-fault insurance policy issued by Citizens Insur-
ance Company of America. Neither Mary nor Jonathan was a
named insured on Merli's policy at the time of the accident.
Mary Kelly, as next friend of Jonathan Kelly, and the Attorney
General, on behalf of the Michigan Department of Social Ser-
vices, brought an action to recover no-fault insurance benefits
against Zurich and Citizens. Zurich brought a third-party claim
against Citizens. The Delta Circuit Court, Clair J. Hoehn, J.,
determined that Citizens was liable for payment of the no-fault
benefits, finding that Mary Kelly, for the purpose of the no-
fault act, was the "spouse" of Stephen Merli and, accordingly,
Citizens was liable for payment of benefits on the basis that
Jonathan was a relative of the spouse of a named insured
domiciled with the spouse. Citizens appeals. *Held:*

1. The term "spouse" as used in the personal protection
benefits provision of the no-fault act means "legal husband" or
"legal wife". Since Mary Kelly was not the legal wife of
Stephen Merli, she was not a spouse within the meaning of the
statutory provision and the policy language. Accordingly, Jona-
than Kelly was not entitled to no-fault benefits on the basis of
being a relative of the spouse of a named insured.

2. The matter, however, is remanded to the trial court for
consideration of the question not addressed by the trial court,

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 354.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 299.

that being whether Jonathan is a relative of Stephen Merli within the meaning of the statutory and policy language.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENE-
FITS — SPOUSE.

The term "spouse" as used within the personal protection benefit provisions of the automobile no-fault insurance act means "legal husband" or "legal wife" (MCL 500.3114[1]; MSA 24.13114[1]).

*Green, Renner, Weisse, Rettig, Rademacher & Clark* (by *Richard C. Clark),* for plaintiff.

*Platt, Peacock & Lantzy, P.C.* (by *P. David Vinocur),* for Zurich Insurance Company.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.* (by *Allen S. Bush),* for Citizens Insurance Company of America.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

D. F. WALSH, P.J. Third-party defendant Citizens Insurance Company of America appeals from the determination of the Delta County Circuit Court that third-party defendant is responsible to Jonathan Hunter Kelly for no-fault personal protection insurance benefits.

This controversy is essentially a dispute between two insurance companies. Third-party plaintiff Zurich Insurance Company is the no-fault insurer of the owner and operator of a car which struck Jonathan Kelly, a minor, on August 26, 1979. Third-party defendant is the no-fault insurer of Stephen Merli, who lives with Jonathan and Jonathan's mother and who is the father of two of Jonathan's mother's children. Mr. Merli is not Jonathan's father and is not legally married to

Jonathan's mother. Neither Jonathan nor his mother was covered by no-fault automobile insurance as named insureds at the time of the accident.

The circuit court determined that Jonathan's mother was Mr. Merli's "spouse" for purposes of the no-fault act and that third-party defendant, therefore, was liable for personal protection insurance benefits to Jonathan. We reverse.

MCL 500.3114(1); MSA 24.13114(1), provides that no-fault personal protection insurance benefits are payable to the person named in a personal protection insurance policy, the person's spouse, and the relatives of either domiciled in the same household.

In construing a different section of the no-fault act, this Court recently rejected a woman's claim for survivor's benefits under a provision establishing a wife's conclusive presumption of dependency on "a husband with whom she lives at the time of his death". MCL 500.3110(1)(a); MSA 24.13110(1)(a). *Jacobs v Michigan Mutual Ins Co,* 106 Mich App 18; 307 NW2d 693 (1981). The claimant had lived with the insured but had never been formally married to him. The Court's rejection of the plaintiff's "expansive meaning" of "wife" is equally applicable to the instant third-party plaintiff's request that Jonathan Kelly's mother be considered Mr. Merli's "spouse" for purposes of MCL 500.3114(1); MSA 24.13114(1):

"*The American Heritage Dictionary of the English Language* (New College Edition, 1976) defines 'wife' as 'a woman married to a man'. In Michigan, consent alone has not been enough to effectuate a marriage since January 1, 1957. See MCL 551.2; MSA 25.2. We note that plaintiff does not claim that she and Bennett contracted to live together before that date. Plaintiff

was not Bennett's 'wife' according to the common and approved usage of that word." *Jacobs v Michigan Mutual Ins Co, supra,* p 22.

In the construction of a statute, words are to be given their common and approved meanings. MCL 8.3a; MSA 2.212(1). No citation of authority is necessary in support of the proposition that the common and approved meaning of the word "spouse" is husband or wife.[1] We hold, therefore, that "spouse", as that term is used in MCL 500.3114(1); MSA 24.13114(1), means "legal husband" or "legal wife". This holding comports with the primary principle of statutory construction—that the Legislature's intent be effectuated. *White v Ann Arbor,* 406 Mich 554; 281 NW2d 283 (1979). The Michigan Legislature, which has expressly provided that common-law marriages are no longer recognized in this state, clearly did not intend that "common law spouses" be treated as spouses for purposes of the no-fault act. MCL 551.2; MSA 25.2. Nor could no-fault insurers or insureds have reasonably so intended.

We vacate the circuit court's finding that Jonathan's mother is Mr. Merli's spouse, and we set aside the order directing third-party defendant to pay personal protection insurance benefits to Jonathan. Because the circuit court did not resolve third-party plaintiff's claim that Jonathan and Mr. Merli are "relatives" as that term is used in the no-fault act and in the insurance policy issued to Mr. Merli by third-party defendant, we remand to the circuit court for consideration of that claim.[2] We retain no further jurisdiction. Costs to third-party defendant.

[1] In the Mental Health Code, the Legislature nevertheless provided a definition of "spouse" which reflects this common and approved meaning. MCL 330.1800(b); MSA 14.800(800)(b).

[2] See *Hartman v Ins Co of North America,* 106 Mich App 731; 308 NW2d 625 (1981), *lv den* 413 Mich 915 (1982).